```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RANDY POPE,                                     :
                      Plaintiff,                :
                                                :
v.                                              :      OPINION AND ORDER
                                                :
HELEN FAHY; WESTCHESTER COUNTY                  :      18 CV 11283 (VB)
DEPARTMENT OF SOCIAL SERVICES; and              :
THE CHILDREN'S HOME OF                          :
POUGHKEEPSIE,                                   :
                      Defendants.               :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Randy Pope brings claims under 42 U.S.C. § 1983 and state law against defendants Helen Fahy, who is proceeding pro se; Westchester County (the "County") Department of Social Services (the "Department")[1]; and The Children's Home of Poughkeepsie (the "Children's Home"). Plaintiff's claims arise from defendant Fahy's alleged repeated sexual assault of plaintiff for seven months while plaintiff was in the custody and care of the County and the Children's Home.[2]

---

[1] Although plaintiff sued the Department, the County is the true defendant in this case. Municipal agencies and departments do not have the capacity to be sued under New York law. See Omnipoint Commc'ns, Inc. v. Town of LaGrange, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities.").

[2] The County asserted crossclaims against defendants Fahy and the Children's Home in its answer to the original complaint (Doc. #11), and the Children's Home asserted crossclaims against defendant Fahy (but not the County) in its answer to the amended complaint (Doc. #30). Fahy answered the original complaint (Doc. #10), but has not answered, moved, or otherwise responded to the amended complaint or to the Children's Home's crossclaim.

1

Before the Court are motions filed by the County and the Children's Home to dismiss the amended complaint pursuant to Rule 12(b)(6). (Docs. ##28, 31).[3]

For the following reasons, the motions are GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

For the purpose of ruling on the motions to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

In March 2015, a New York State Family Court in White Plains adjudicated plaintiff, who was then sixteen years old, to be a person in need of supervision. Plaintiff was placed in the care and custody of the Department and its agent the Children's Home, and under the supervision of defendant Helen Fahy, a supervisor at the Children's Home.

According to the amended complaint, from July 2015 through February 2016, Fahy repeatedly subjected plaintiff to unwanted sexual acts and advances at the Children's Home, at Fahy's residence, and in Fahy's vehicle. Fahy intimidated and psychologically coerced plaintiff into remaining silent.[4]

**DISCUSSION**

I.  Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v.

---

[3]  In plaintiff's opposition to the motions, plaintiff contested a nonexistent motion for a more definite statement under Rule 12(e). (Doc. #37). In similar fashion, the County moved to dismiss nonexistent crossclaims against it. (Doc. #31).

[4]  Although not mentioned in the amended complaint, according to plaintiff's memorandum in opposition to the motions, Fahy was charged with and convicted of felony rape. (Doc. #37).

Iqbal, 556 U.S. 662, 679 (2009).[5] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).[6]

II. Monell Claims[7]

Plaintiff fails to state a claim under Monell v. Department of Social Services, 436 U.S. 658 (1978), against either the County or the Children's Home.

---

[5] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

[6] Plaintiff attached several exhibits to his opposition without providing any legal basis for the Court to consider them. (Doc. #37). Nor does plaintiff request to convert the motion to one for summary judgment. Accordingly, the Court declines to consider those exhibits in deciding the instant motions. Nonetheless, the Court has reviewed those exhibits and finds that nothing in the exhibits would have changed this decision.

[7] The Children's Home also moved to dismiss under Rule 12(b)(1), arguing plaintiff fails sufficiently to allege the Children's Home is a state actor. That argument, however, contests whether plaintiff has a cause of action under Section 1983; it therefore does not implicate the Court's subject matter jurisdiction and is properly brought under Rule 12(b)(6). See Lexmark

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. Thus, to assert a Section 1983 claim against the County or the Children's Home, plaintiff must allege the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. See Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Although the Supreme Court's interpretation of § 1983 in Monell applied to municipal governments and not to private entities acting under color of state law, caselaw . . . has extended the Monell doctrine to private § 1983 defendants acting under color of state law." Candelario v. Quality Choice Corr. Healthcare, 2017 WL 3049553, at *5 (S.D.N.Y. July 18, 2017) (collecting cases).[8]

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must

---

Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 128 n.4 (2014) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case"). Therefore, the Court is not required to address that argument before addressing the merits of plaintiff's Monell claims.

[8] The Court assumes without deciding that the Children's Home is a state actor for purposes of liability under Section 1983.

Defendant Fahy will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010). In addition, "where a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." Cash v. County of Erie, 654 F.3d 324, 334 (2d Cir. 2011).

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of [Bell Atlantic Corp. v. Twombly, 550 U.S. at 572], and [Ashcroft v. Iqbal, 556 U.S. at 678]." Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. Sept. 13, 2013) (citing Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). "In other words, boilerplate allegations will not suffice." Id. at *3.

"The allegations that [a defendant] acted pursuant to a policy, without any facts suggesting the policy's existence, are plainly insufficient." Missel v. County of Monroe, 351 F. App'x 543, 545–46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100–02 (2d Cir. 1993)). Further, "[m]ere allegations of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom unless supported by factual details." Phillips v. City of Middletown, 2018 WL 4572971, at *9 (S.D.N.Y. Sept. 24, 2018).

Here, plaintiff's allegations of a County or Children's Home policy or custom lack those factual details. Plaintiff's allegations as to a policy or custom consist of the following:

5

(i) Children's Home officials "were aware of facts from which the inference could be drawn that placing Plaintiff under the direct supervision of Defendant Helen Fahy created a substantial risk of danger to the safety and well-being of Plaintiff Randy Pope" (Doc. #26 ("Am. Compl.") ¶ 16); (ii) it was the Children's Home and the County's policy "to inadequately and improperly investigate complaints" and "to inadequately supervise and train their officials and employees and/or require appropriate in-service training" (id. ¶¶ 34, 35); (iii) the Children's Home failed to properly screen and monitor personnel; and (iv) the County and the Children's Home failed to adhere to their regulatory scheme and oversight procedures.

None of those allegations contains any facts suggesting the existence of a County or Children's Home policy or custom. Further, to the extent plaintiff relies on the alleged deliberate indifference of policymaking officials, plaintiff fails to identify any specific policymaking official or allege how any official knew or would have known about the conduct alleged in the amended complaint. In short, plaintiff's allegations of a policy or custom are boilerplate and conclusory.

Plaintiff also argues the County and the Children's Home failed to inform plaintiff of his rights against sexual exploitation and avenues of recourse, implying their failure to do so caused plaintiff's injury. Plaintiff fails to cite any cases, and the Court knows of none, suggesting an allegation that a municipal defendant had a policy of failing to warn a person of potential harm sufficiently satisfies Monell's requirement of a causal connection. Indeed, to so hold would greatly expand the scope of municipal liability under Monell.

Moreover, to the extent plaintiff argues defendants failed to follow the New York State bill of rights for children in foster care by not giving such warnings, "a public official's failure to

6

follow state law procedures . . . is not equivalent to a federal constitutional injury." Tallman v. County of Chautauqua, 335 F. App'x 92, 94 (2d Cir. 2009) (summary order).

Accordingly, plaintiff's Section 1983 claims against both the County and the Children's Home are dismissed.

## CONCLUSION

The motions to dismiss are GRANTED.[9]

The only remaining claims are plaintiff's claims against defendant Helen Fahy (i) under Section 1983, and (ii) under state law for sexual assault and battery and intentional infliction of emotional distress.[10]

The Clerk is instructed to (i) terminate defendants Westchester County Department of Social Services and the Children's Home of Poughkeepsie, and (ii) terminate the motions. (Docs. ##28, 31).

Dated: December 9, 2019
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

---

[9] The Children's Home noted in its moving papers that it was not seeking dismissal of plaintiff's state common law claims, yet plaintiff did not bring any state law claims against the Children's Home. Plaintiff's only claim against the Children's Home was under Section 1983. Accordingly, plaintiff has no surviving claims against the Children's Home.

[10] In light of this decision dismissing all claims against the County and Children's Home, any crossclaims between them are moot.

7